Filed 4/9/13  P. v. Khan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID AHMED KHAN,<br><br>Defendant and Appellant. | C070799<br><br>(Super. Ct. No. 10F07780) |

The trial court convicted defendant David Ahmed Khan of possession of a controlled substance for sale and found true enhancement allegations that he had a prior strike conviction and two prior prison terms.  The trial court denied defendant's motion to strike the enhancement allegations and sentenced defendant to six years in state prison.

Defendant contends the trial court abused its discretion in denying his motion to strike.  We disagree.

We will affirm the judgment.

BACKGROUND

An officer conducted a traffic stop on a car driven by defendant. Defendant's passenger, Jessie Peralez, was a validated and active Norteño gang member with a gang tattoo on his forearm. Defendant had the same gang tattoo on his fingers and he was wearing a red sweater, a common Norteño gang color. Defendant was on parole with a special no-gang condition. He previously admitted being a Norteño gang member.

Defendant and Peralez were booked into county jail. At the time of booking, defendant had $191. When a sergeant arrived for work at the jail, he found on the ground a clear plastic bag with five Ziploc baggies containing a total of 6.9 grams of methamphetamine. A review of video surveillance at the jail revealed that defendant, who was handcuffed with his hands behind his back, dropped the bag with the methamphetamine as he was escorted inside the jail.

Defendant waived his right to a jury trial. Following a bench trial, the trial court convicted defendant of possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378). The trial court found enhancement allegations true that defendant had a prior strike conviction for first degree burglary (Pen. Code, §§ 459, 667, subds. (b)-(i), 1170.12, 1192.7, subd. (c)) and that he served two prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant had been convicted of false imprisonment by violence or menace in 2001 and first degree burglary in 2005. He served a prison term for each conviction.

Defendant moved to strike the prior conviction allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Then, at sentencing, he added a request that the trial court strike the prior prison term allegations. The trial court denied defendant's motion to strike the enhancement allegations and sentenced defendant to an aggregate term of six years in state prison.

DISCUSSION

Defendant contends the trial court abused its discretion in denying his motion to strike. Defendant argues he is outside the spirit of the three strikes law; that his current offense is not heinous; there is a strong probability he took the rap for his companion; his prior criminal history included some simple property crimes and one incident 11 years earlier involving use of a knife; he was employed, married, and supported his wife and four children; and he had no parole violations prior to the current offense.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) A trial court's decision not to dismiss or strike a sentencing allegation under Penal Code section 1385 is reviewed for abuse of discretion. (*Carmony, supra,* 33 Cal.4th at pp. 373-375.) With respect to sentencing decisions, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

In ruling on defendant's motion, the trial court said it read and considered the probation report. That report set forth defendant's criminal history, which included convictions as an adult for vehicle theft in 1995 and 1997, driving under the influence in 1997, receiving stolen property in 1999, false imprisonment in 2001, and first degree burglary in 2005. Defendant violated probation and parole numerous times between 1997 and 2004, and he was on parole for less than three months when he committed the current offense. Defendant admitted to the probation officer that he "had a bag" on him.

The probation report described the underlying facts involved in the false imprisonment. Defendant forcibly entered a woman's home, pushed her to the ground, got on top of her, waved a knife at her, choked her, and refused to allow her to leave until

3

the next morning. The probation report also described the underlying facts of the first degree burglary. Defendant entered an apartment while the female victim was in the shower. The victim heard a door closing and after she dressed, she saw defendant run out of her apartment carrying her jewelry and purse.

In the interview with the probation officer, defendant denied being a gang member or associating with gang members. But defendant has gang tattoos, and in 2004 he told jail classification officers he had been a gang member since age 11. At the time of the current offense, defendant was in the company of a registered gang member.

The probation officer listed no factors in mitigation and recommended a six-year prison term.

The trial court said it was aware of its discretion and acknowledged that it must consider the nature and circumstances of the present felony and the prior felony convictions; defendant's background, character and prospects; and whether defendant could be deemed to fall outside the spirit of the three strikes law. The trial court said although the current offense was not heinous or aggravated, it nevertheless involved a large amount of methamphetamine. The trial court then considered the prior first degree burglary, noting the aggravating circumstances that defendant surprised a lone female in her residence, and the prior false imprisonment, in which defendant also confronted a single woman.

The trial court reviewed the surveillance DVD and said there was no doubt defendant had the narcotics in his possession, then noted the current offense was aggravated by the fact that defendant was in the presence of a validated gang member contrary to his parole conditions.

The trial court found defendant did not fall outside the spirit of the three strikes law but instead "falls squarely within the parameters" of that law.

Defendant nonetheless argues that his criminal history, employment, marital status, dependents and lack of incidents in jail show he is outside the spirit of the three

4

strikes law.  But defendant's criminal history shows he is the type of career criminal for whom the three strikes law was intended.  The trial court did not abuse its discretion in denying defendant's motion to strike the enhancement allegations.

DISPOSITION

The judgment is affirmed.


                                                       _____MAURO_____, J.


We concur:


_____RAYE_____, P. J.


_____HULL_____, J.